UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOBBY B COCKERELL, III, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cv-01788-JMS-TAB |
| CONYESS, GILLEY, BYRUM, DAVIS, ZATECKY, ALSUP, | ) |
| Defendants. | ) |

**Order Denying Motion for Summary Judgment and
Directing Further Proceedings**

Bobby Cockerell, III, is an inmate currently housed at Miami Correctional Facility. He was previously housed at Pendleton Correctional Facility. In this civil rights suit, Mr. Cockerell, alleges various officials at Pendleton Correctional Facility failed to protect him from an assault by other inmates. The officials ("Defendants") now move for summary judgment on the grounds that Mr. Cockerell, failed to exhaust his administrative remedies prior to filing this lawsuit. *See* 42 U.S.C. § 1997e. Mr. Cockerell, responds that Pendleton does not have a grievance system, that grievances easily get lost there, and that he attempted to grieve the issue by submitting a grievance to an "Officer Steward." These contentions demonstrate whether the grievance process was available to Mr. Cockerell, is a disputed material fact that cannot be resolved through summary judgment. Accordingly, Defendants' motion for summary judgment is **denied**.

## I. Legal Standard

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inference from it in the light most favorable to the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572 – 73 (7th Cir. 2021). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. Background

The record is presented in the light most favorable to Mr. Cockerell. *Stark v. Johnson & Johnson*, 10 F.4th 823, 825 (7th Cir. 2021); *Reid Hospital and Health Care Servs., Inc. v. Conifer Revenue Cycle Solutions, LLC*, 8 F.4th 642, 645 (7th Cir. 2021).

Mr. Cockerell was previously housed at Pendleton Correctional Facility. Dkt. 17 ¶ 3. On June 10, 2022, another offender in Pendleton Correctional Facility sent a letter to jail officials explaining there would be a stabbing and a robbery in the coming days. *Id.* Two days later, on June 12, 2019, Mr. Cockerell left his cell and was stabbed and attacked by other offenders. *Id.* ¶ 5.

According to Mr. Cockerell, Pendleton does not have a "prisoner grievance system." Dkt. 33 ¶ 1. He explains that grievances "can very easily disappear" and "[jail officials] can say a grievance was never written." *Id.* ¶ 2. Mr. Cockerell also asserts that "did turn in a grievance to Officer Steward[.]" *Id.* ¶ 3.

According to Defendants, Pendleton Correctional Facility utilizes the Indiana Department of Corrections standardized grievance process. Dkt. 28-1, Declaration of Laura Bodkin ¶¶ 12 – 13. This grievance process requires an inmate to complete three steps before filing suit: (1) a formal attempt to solve a problem or concern following unsuccessful attempts at informal resolutions; (2) a written appeal to the Warden/designee; and a written appeal to the Department Grievance Manager. *Id.* Information regarding the grievance process is included in the documentation provided to offenders during the admission and orientation process, and copies of the grievance process are available in the Law Library and can be provided by the counselors or the Grievance Specialist. *Id.* ¶¶ 27, 28.

To successfully exhaust their administrative remedies under the grievance process, inmates must timely complete each step of the process. *Id.* ¶ 14. According to Defendants, Mr. Cockerell did not file any grievances related to the incident. *Id.* ¶ 32.

### III. Discussion

Defendants argue summary judgment is appropriate because Mr. Cockerell failed to file a grievance and therefore failed to exhaust his administrative remedies. Mr. Cockerell responds that there was no grievance process available, and he tried to utilize the process, but his grievance was lost.

The Prison Litigation Reform Act requires inmates to exhaust their available administrative remedies before suing in federal court. 42 U.S.C. § 1997e(a); *Williams v. Wexford Health Sources,*

*Inc.*, 957 F.3d 828, 831 (7th Cir. 2020).  This requirement is mandatory: a court cannot excuse an inmate's failure to exhaust.  *Ross v. Blake*, 578 U.S. 1174, 1856 (2016).  To satisfy the Act's exhaustion requirement, an inmate must strictly comply with the prison's administrative rules for filing grievances.  *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). Failure to exhaust is an affirmative defense, so Defendants bear the burden of proof. *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018).

The administrative remedies, however, must be "available" to the inmate.  *Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016) (internal quotations and citations omitted); *see also Reid*, 962 F.3d at 329 ("The exhaustion requirement, however, hinges on the availability of administrative remedies.") (internal quotations omitted) (citing *Ross*, 578 U.S. at 1858).  An inmate is not required to exhaust administrative remedies that are unavailable.  *Hernandez*, 814 F.3d at 842 (citations omitted).

Here, there is a question of fact as to whether the grievance process was available. Mr. Cockerell has produced evidence that it was not available. Dkt. 33 ¶ 1 (asserting Indiana Department of Correction does not have a "prisoner grievance system"); *id.* ¶ 2 (explains that grievances "can very easily disappear" and jail officials "can say a grievance was never written"); *id.* ¶ 3 ("Plaintiff did turn in a grievance to officer Steward to be turned in."). Defendants have produced evidence that it was available, and Mr. Cockerell simply failed to utilize it. Dkt. 28-1, ¶¶ 12 – 14, 27 – 32. This evidence creates a factual dispute that cannot be resolved at summary judgment without a hearing.

Defendants respond that Mr. Cockerell has not supported his assertions with any evidence. *See* Dkt. 34, Reply at 3 ("Plaintiff cites to no evidence in the record to support his assertion that he turned in a grievance and that it was lost."). But his response is signed under the penalties of

perjury, dkt. 33 at 3, and so it counts as evidence. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (concluding that a "verified response constitutes competent evidence to rebut the defendants' motion for summary judgment"); *see also Jones v. Van Lanen*, 27 F.4th 1280, 1285 – 86 (verified pleadings can serve as evidence for purposes of summary judgment).

Defendants also suggest his account is not believable because there is no record of any grievances related to the incident, and Mr. Cockerell has utilized the grievance process before. But making credibility determinations is not the proper task for the Court at summary judgment. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) ("On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts[.]"); *see also Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014) ("Sometimes the heftiness of the evidence on one side, or the credulity of a particular litigant makes [the] task of suspending factual and credibility determinations difficult, but whatever the difficulty, [courts] must stick to the task on summary judgment.").

### IV. Conclusion

For those reasons, Defendants' motion for summary judgment, dkt. [28], is **denied**. Defendants shall have **through June 24, 2022**, in which to notify the Court in writing that they are either abandoning their affirmative defense of exhaustion or requesting a hearing to resolve the factual dispute above.

**SO ORDERED**.

Date: 6/14/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BOBBY B COCKERELL, III
192197
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel